**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES WELDON DEWEESE | ) | Case No. 23-10072(1)(11) |
| and PENNY WHITFIELD DEWEESE, et al. | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | ) | A.P. No. 23-01007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES WELDON DEWEESE | ) | |
| and PENNY WHITFIELD DEWEESE | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM-OPINION</u>

This matter is before the Court on the Motion to Dismiss Count 7 of the First Amended Complaint of Plaintiff Mark R. Little, Trustee (the "Trustee") for the bankruptcy estate of Charles Deweese Construction, Inc. ("CDCI"), filed by Defendants Charles Weldon Deweese and Penny Whitfield Deweese (the "Deweeses").  For the following reasons, the Court will **DENY** the Defendants' Motion to Dismiss.  An Order denying the Motion to Dismiss accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

On June 12, 2023, the Trustee initiated this Adversary Proceeding against the Deweeses with the filing of a Complaint Seeking Damages and Objecting to the Dischargeability of Debts under 11 U.S.C. § 523(a)(4) and (a)(6) of the United States Bankruptcy Code.

On July 12, 2023, the Deweeses filed a Motion to Dismiss the Adversary Proceeding.

On August 2, 2023, the Trustee filed his Response to the Motion to Dismiss the Adversary Proceeding.

On August 10, 2023, the Deweeses filed their Reply to the Response of the Trustee to Defendants' Motion to Dismiss.

On October 20, 2023, following a pretrial conference on the case, this Court entered an Order giving the Trustee 20 days to file an amended complaint.

On November 3, 2023, the Trustee filed the First Amended Complaint.

On November 22, 2023, the Deweeses' filed a Motion to Dismiss Count 7 of the First Amended Complaint.

On December 14, 2023, the Trustee filed his Response to the Motion to Dismiss Count 7 of the First Amended Complaint.

On July 16, 2024, after several continuances, the Court heard oral arguments on the Motion to Dismiss and the matter was submitted for decision.

## INTRODUCTION

Defendants Charles and Penny Deweese seek dismissal of Count 7 of the Trustee's First Amended Complaint. Count 7 of the First Amended Complaint asserts that the debts owed by the

Deweeses are nondischargeable under 11 U.S.C. § 523(a)(4) and (6) of the Bankruptcy Code and that the Deweeses' actions that are the basis of Counts 1-5 of the First Amended Complaint, constitute fraud and/or defalcation while acting in a fiduciary capacity, embezzlement and/or larceny. Count 7 of the First Amended Complaint asserts, "Under the provisions of 11 U.S.C. § 523(a)(4) and (6), CDCI is entitled to a determination that the Deweese Parties' (Charles Weldon Deweese and Penny Whitfield Deweese) debts were based on fraud, breach of fiduciary duty or willful and malicious injury, as proven at trial and are nondischargeable."

## LEGAL ANALYSIS

Debtors contend that the Trustee lacks standing to bring Count 7 because he "cannot satisfy the redressability test." *See* paragraph 53 of the original Complaint. Essentially, the Debtors contend that even if the Court allows the Trustee's claim against the Deweeses, ". . . it is not inconceivable that the holder of a general unsecured claim of the sort sought in the complaint's first four counts could receive a distribution . . . But it is inconceivable that there would be any value in a judgment against the Deweeses after the Deweeses' estate is fully administered." *Id.* Debtors estimate it would require the Court to keep the case open for approximately six years. Debtors contend that by the time the Trustee could obtain a judgment on behalf of CDCI against the Deweeses, the Deweeses would conceivably have only social security income, which would be exempt from the Trustee's collection efforts.

While the Court understands the Deweeses' argument put forth in support of the dismissal of Count 7, there is no way, at this point, for this Court to predict that there will be no assets whatsoever available to the Trustee from the Deweeses should the Trustee's action be successful.

As the Trustee states, there may be other assets or unexpected sources, such as a future windfall, that may be available or the Trustee could possibly sell the judgment.  Additionally, the Trustee may also have motives beyond the collectability of a monetary judgment from the Deweeses for this action, including obtaining a nondischargeable judgment against the Deweeses in the event that the Deweeses obtain a financial windfall in the future.  If the difficulty in collecting any judgment were a basis to dismiss such cases, there would be no purpose for 11 U.S.C. §§ 523 and 727 of the Bankruptcy Code.[1]

The Debtors contend that the "Trustee must win a judgment on one of his first four counts before dischargeability comes into play," *See* par. 5 of the Deweeses' Reply to the Trustee's objection to their Motion to Dismiss.  The Trustee, however, correctly counters that the Trustee is not required to obtain a judgment before filing a separate dischargeability complaint.  In their Reply, the Deweeses acknowledge that this Court has jurisdiction to both liquidate a debt and determine whether it may be discharged in the same proceeding.

To be clear, the Court will not enter any judgment in favor of the Trustee under § 523(a)(4) or (a)(6), without proof that the Trustee is entitled to a monetary judgment based upon proof presented during the nondischargeability proceeding.  It is not uncommon in this Court that both the amount of the debt and whether the debt is dischargeable under § 523(a)(4) or (a)(6), are presented in the same proceeding.  The Trustee's First Amended Complaint is not subject to dismissal based on this claim of the Debtors.

---

[1] 11 U.S.C. § 727 provides for the discharge of an individual from any specific debt unless that debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)-(b).  A creditor must prove by a preponderance of the evidence that its debt is non-dischargeable under 11 U.S.C. § 523.

The Trustee seeks a determination that Debtors violated 11 U.S.C. § 523(a)(4) and (a)(6) of the Bankruptcy Code.  Both Counts were adequately pled in the First Amended Complaint.

## A.  Claim Under 11 U.S.C. §523(a)(4).

Section 523(a)(4) of the Bankruptcy Code states:

> A discharge under Section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

In order to find a debt nondischargeable under 11 U.S.C. § 523(a)(4), there must be proof by a preponderance of the evidence of the following: (1) a pre-existing fiduciary relationship; (2) breach of that fiduciary relationship, and (3) a resulting loss.  *In re Blaszak*, 397 F.3d 386, 390 (6th Cir. 2005).

The Trustee's First Amended Complaint states a claim under § 523(a)(4) because it adequately asserts that the Deweeses had fiduciary relationships with CDCI as officers and directors of CDCI, that they breached their fiduciary relationships based upon the matters cited in the Complaint, and that CDCI suffered a resulting loss of millions of dollars.  The claims under § 523(a)(4) are adequately pled and should not be dismissed at this stage of the proceeding.

## B.  Claim Under 11 U.S.C. § 523(a)(6).

The next issue is whether the First Amended Complaint adequately asserts a claim under 11 U.S.C. § 523(a)(6).

Section 523(a)(6) of the Bankruptcy Code states:

> A discharge in a case under Sections 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In order for a debt to be nondischargeable as a "willful and malicious injury," it must arise from an intentional act which is specifically intended to injure the plaintiff. *In re Catapano*, 2024 WL 829542 (Bankr. D. Conn. 2024). A debtor willfully and maliciously injures a creditor if one acting without just cause or excuse, knows or is substantially certain that his actions will cause injury. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

The Trustee's First Amended Complaint sufficiently asserts a claim against the Deweeses under 11 U.S.C. § 523(a)(6). The First Amended Complaint asserts that the Deweeses, acted without sufficient cause when they transferred CDCI's funds to their personal account, and knew or were substantially certain that by engaging in such actions they would cause injury to CDCI. The Trustee asserts that the Deweeses also transferred money from CDCI to other family members. The Trustee asserts that these actions and others by the Deweeses, were deliberate and/or intentional and constituted willful and malicious conduct, as set forth in § 523(a)(6). The First Amended Complaint adequately asserts claims under 11 U.S.C. § 523(a)(6).

In this case, the Trustee adequately stated claims that support nondischargeability under 11 U.S.C. § 523(a)(4) and (a)(6) of the Bankruptcy Code. At this stage of the case, there is no basis to dismiss these claims as they are adequately plead in the First Amended Complaint.

## <u>CONCLUSION</u>

For all of the above reasons, the Court determines there is no legal basis upon which the Court should dismiss Count 7 of the Trustee's First Amended Complaint at this stage of the proceeding. The Court will enter the accompanying Order **DENYING** the Deweeses' Motion to Dismiss Count 7 of the First Amended Complaint.

Joan A. Lloyd
United States Bankruptcy Judge

Dated: July 31, 2024

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES WELDON DEWEESE | ) | Case No. 23-10072(1)(11) |
| and PENNY WHITFIELD DEWEESE, et al. | ) | |
| | ) | |
| _____Debtor(s)_____ | ) | |
| | ) | |
| MARK R. LITTLE, CHAPTER 7 TRUSTEE | ) | A.P. No. 23-01007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES WELDON DEWEESE | ) | |
| and PENNY WHITFIELD DEWEESE | ) | |
| | ) | |
| _____Defendants._____ | ) | |

**ORDER**

This matter is before the Court on the Motion to Dismiss Count 7 of the First Amended Complaint of Plaintiff Mark R. Little, Trustee ("Trustee") filed by Defendants Charles Weldon Deweese and Penny Whitfield Deweese ("Deweeses"). The Court having reviewed the above referenced Motion to Dismiss of the Deweeses, and the Trustee's Response to the Deweeses' Motion to Dismiss, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss Count 7 of the First Amended Complaint of Plaintiff Mark. R. Little, Trustee, filed by Defendants Charles Weldon Deweese and Penny Whitfield Deweese, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  July 31, 2024